IN THE UNITED STATES DISTRICT COURT
FOR THE STATE OF KANSAS

| | |
|---|---|
| JASON ROGERS, )<br>)<br>Plaintiff )<br>)<br>vs. )<br>)<br>THE BOARD OF COUNTY COMMISSIONERS )<br>OF THE COUNTY OF CHASE, KANSAS , )<br>)<br>And )<br>)<br>LARRY SIGLER, )<br>CHASE COUNTY JAIL ADMINISTRATOR, )<br>)<br>And )<br>)<br>OFFICER MIKE SWIFT, )<br>)<br>And )<br>)<br>OFFICER CHRIS HASKIN, )<br>)<br>And )<br>)<br>OFFICER ASHLEY MCKNIGHT, )<br>)<br>And )<br>)<br>OFFICER KEITH GRAFEL, )<br>)<br>And )<br>)<br>OFFICER LYNESSA SHERWOOD, )<br>)<br>And )<br>)<br>OFFICER ED SNOVELLE, )<br>)<br>And )<br>)<br>DEPUTY AARON HOFFMAN, )<br>) | Case No._____ |

| | |
|---|---|
| And | ) |
| | ) |
| OFFICER SHAWN FUND, | ) |
| | ) |
| And | ) |
| | ) |
| CHASE COUNTY DETENTION CENTER | ) |
| AND/OR CHASE COUNTY JAIL | ) |
| | ) |
| Defendants. | ) |

## COMPLAINT

COMES NOW Plaintiff, by and through his attorney James Crabtree in for his cause of action, states and alleges as follows:

1. Plaintiff is an individual that is currently incarcerated in Lyon County, Kansas and is a permanent resident in Kansas.

2. Defendants the Board of County Commissioners of the County of Chase, Kansas (Chase County) is a county formed under the laws of the State of Kansas and who may be served with process by serving the Chase County Clerk, Connie Pretzer at 300 Pearl Street, Cottonwood Falls, KS 66845.

3. Defendants Chase County Detention center and/or Chase County Jail (Chase County Jail) is a correctional facility believed to be operated by Chase County may be served with process by serving the administrator of the jail Larry Sigler at 301 Walnut Street, Cottonwood Falls, KS 66845.

4. Defendant, Larry Sigler is an individual that at all times relevant herein was an administrator of the Chase County Jail, and as such supervised and created policy, and who may be served with process at Chase County Jail, 301 Walnut Street, Cottonwood Falls, KS 66845.

5. Defendant Officer Mike Swift at all times relevant herein was an employee of Chase County and worked as a corrections officer at the Chase County Jail. Defendant may be served with process at 301 Walnut Street, Cottonwood Falls, KS 66845.

6. Defendant Officer Chris Haskin at all times relevant herein was an employee of Chase County and worked as a corrections officer at the Chase County Jail. Defendant may be served with process at 301 Walnut Street, Cottonwood Falls, KS 66845.

7. Defendant Officer Ashley McKnight at all times relevant herein was an employee of Chase County and worked as a corrections officer at the Chase County Jail. Defendant may be served with process at 301 Walnut Street, Cottonwood Falls, KS 66845.

8. Defendant Officer Keith Grafel at all times relevant herein was an employee of Chase County and worked as a corrections officer at the Chase County Jail. Defendant may be served with process at 301 Walnut Street, Cottonwood Falls, KS 66845.

9. Defendant Officer Lynessa Sherwood at all times relevant herein was an employee of Chase County and worked as a corrections officer at the Chase County Jail. Defendant may be served with process at 301 Walnut Street, Cottonwood Falls, KS 66845.

10. Defendant Officer Ed Snovelle at all times relevant herein was an employee of Chase County and worked as a corrections officer at the Chase County Jail. Defendant may be served with process at 301 Walnut Street, Cottonwood Falls, KS 66845.

11. Defendant Deputy Aaron Hoffman at all times relevant herein was an employee of Chase County and/or worked as a corrections officer at the Chase County Jail. Defendant may be served with process at 301 Walnut Street, Cottonwood Falls, KS 66845.

12. Defendant Officer Shawn Fund at all times relevant herein was an employee of Chase County and/or worked as a corrections officer at the Chase County Jail. Defendant may be served with process at 301 Walnut Street, Cottonwood Falls, KS  66845.

13. This case is brought pursuant to 42 U.S.C. §1983 for violations of the Constitution of the United States, specifically the Eighth Amendment against cruel and unusual punishment and the Fourth and Fourteenth Amendment for lack of due process.

14. This court has pendent jurisdiction of Plaintiff's state law claims for negligent supervision, negligent training and any other state law claim implicated.

15. Defendants' at all times herein were acting under the color of State Law as used in 42 U.S.C. §1983.

16. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1331.

17. Venue is proper in the United States District Court for the District of Kansas pursuant to 28 U.S.C §1391(B)(1) in that Defendant resides within the State of Kansas

18. On or about May 14th, 2019 Jason Rogers was an inmate in the Chase County Jail.

19. Plaintiff requested to be moved to a different cell because of a mental health condition and to be seen by medical personnel.

20. One or more Defendant corrections officers and Defendant Larry Sigler refused to allow him to see medical unless he was suicidal and would consent to being stripped and put into a "pickle suit".

21. Mr. Rogers was moved to S-6 and again told he could not see medical unless he was suicidal. He was not suicidal at the time.

22. Mr. Rogers was partially stripped and chained by his hands at which point he did claim to be suicidal.

23. Mr. Rogers was partially dragged from S-6 to a holding cell while naked through the common areas of the jail. He was visible to other inmates and corrections officers, including female corrections officers.

24. Mr. Rogers was chained by his hands and feet for approximately 4-5 hours in the holding cell only partially covered.

25. He was visible to corrections officers including female corrections officers.

26. Defendant Sigler took pictures of Mr. Rogers using his personal cell phone.

27. Mr. Rogers was then taken to S-5 holding cell and chained by his hands and feet for 12-14 more hours.

28. Mr. Rogers remained naked with only a blanket placed partially over him.

29. Defendant Shawn Fund was the corrections officer through the night and made threatening and inappropriate remarks to Plaintiff.

30. Mr. Rogers was not relieved to use the restroom and ultimately defecated on himself.

31. Defendants actions in leaving Plaintiff chained by his hands and feet for a lengthy period of time, stripping him, failing to get medical, using isolation and a suicide suit as a punitive measure are all in violation of the Eighth Amendment of the Constitution against cruel and unusual punishment and constitute violations of the Fourth and/or Fourteenth Amendments for lack of due process.

32. All individuals Defendant's took part in either moving the Plaintiff or chaining him and were aware of the Constitutional violations as they were occurring.

33. All individual Defendant's actions constitute a clear and intentional disregard for Plaintiff's rights.

34. Defendant Chase County, Chase County Jail, and Larry Sigler had policies and procedures that violated Plaintiff's constitutional rights.

35. As a direct and proximate result of the violation of his rights by both the individual Defendants and the unconstitutional policies and procedures Plaintiff has suffered both emotional and physical damage including pain and suffering, bruising, chafing, mental anguish, humiliation and has had to hire an attorney to pursue this action.

36. Plaintiff was subsequently transferred to a different facility and has had ongoing mental damages as a result of the derivation of his constitutional rights.

## Count II

(pendent state laws claims)

37. Plaintiff incorporates paragraphs 1 through 36 as if fully set forth herein.

38. Plaintiff gave notice of his claim pursuant to K.S.A. 60-105(b) on May 8, 2020. This lawsuit is brought within 90 days of the denial of the claim by Chase County.

39. All individual Defendants were employed by Chase County, Kansas at all times relevant herein and acting within the course and scope of their employment.

40. Defendant Chase County, Defendant Chase County Jail, and Defendant Larry Sigler had a duty to train and supervise the corrections officers in charge of inmates in the Chase County Jail.

41. Defendant Chase County, Defendant Chase County Jail, and Defendant Larry Sigler failed to adequately train and supervise corrections officers.

42. As a direct and proximate result of the negligence of those responsible for training and supervision, Jason Rogers suffered damages.

43. If the corrections officers had been adequately supervised, Jason Rogers would not have been left chained by his hands and feet for lengthy periods of time, humiliated and been refused in his request to see medical.

44. Had the corrections officers been adequately trained, Jason Rogers would not have been left chained by his hands and feet for lengthy periods of time humiliated and been refused in his request to see medical.

45. Plaintiff Jason Rogers damages include pain and suffering, humiliation, mental anguish, physical injury, and ongoing mental injury.

WHEREFORE, for both the 42 U.S.C §1983 cause of action for violations of the Constitution of the United States and for the pendent state law claims, Plaintiff prays for damages in an amount greater than $75,000.00 for his pain and suffering, additional medical expenses, nominal damages, attorneys' fees, punitive damages and for such further and other relief as the Court deems just and appropriate.

## JURY DEMAND

Plaintiff hereby demands a trial by jury in this matter.

## DESIGNATION OF PLACE OF TRIAL

Plaintiff's designation of place of trial to be Kansas City, Kansas.

8

        CRABTREE LAW OFFICE

        By: /S/ James M. Crabtree
        James M. Crabtree - KS#16311
                  MO#41618
        4460 W. 107th Street,
        Overland Park, KS 66207
        Ofc: 913-888-7100
        Fax: 913-888-7388
        ATTORNEY FOR PLAINTIFFS